**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

CASE NO. <u>26-mj-8443-RMM</u>

**IN RE SEALED COMPLAINT**

_____/

FILED BY_____ *MEE* ___D.C.

**Jun 16, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WEST PALM BEAC

<u>**CRIMINAL COVER SHEET**</u>

1. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to October 3, 2019 (Mag. Judge Jared M. Strauss)? No

2. Did this matter involve the participation of or consultation with Magistrate Judge Eduardo I. Sanchez during his tenure at the U.S. Attorney's Office, which concluded on January 22, 2023? No

3. Did this matter involve the participation of or consultation with now Magistrate Judge Marty Fulgueira Elfenbein during her tenure at the U.S. Attorney's Office, which concluded on March 5, 2024? No

4. Did this matter involve the participation of or consultation with Magistrate Judge Ellen F. D'Angelo during her tenure at the U.S. Attorney's Office, which concluded on October 7, 2024? No

5. Did this matter involve the participation of or consultation with Magistrate Judge Yeney Hernandez during her tenure at the U.S. Attorney's Office, which concluded on April 2, 2026? No

JASON REDING QUIÑONES
UNITED STATES ATTORNEY

By:  *Shannon O'Shea Darsch*
SHANNON O'SHEA DARSCH
Assistant United States Attorney
Florida Bar No. 68566
500 South Australian Avenue, Suite 400
West Palm Beach, Florida 33401
Tel: (561) 209-1027
Shannon.Darsch@usdoj.gov

AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT

for the

Southern District of Florida

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| CHRISTOPHER JAMES SAINTVIL, | ) | Case No.  26-mj-8443-RMM |
| | ) | |
| | ) | |
| | ) | |
| *Defendant(s)* | | |

FILED BY___*MEE*___D.C.

**Jun 16, 2026**

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - WEST PALM BEAC

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____May 18, 2026_____ in the county of _____Palm Beach_____ in the
_____Southern_____ District of _____Florida_____, the defendant(s) violated:

| *Code Section* | *Offense Description* |
|---|---|
| 18 U.S.C. §§ 922(g)(1), 924(e) | Felon in Possession of a Firearm (Armed Career Criminal Act) |

This criminal complaint is based on these facts:

See Attached Affidavit

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Mark Finnamore, ATF
*Printed name and title*

Sworn and Attested to me by Applicant by Telephone (FaceTime) pursuant to Fed. R. Crim. P. 4(d) and 4.1

Date: __6/16/26__

_____
*Judge's signature*

City and state: _____West Palm Beach, FL_____

Hon. Ryon M. McCabe, U.S. Magistrate Judge
*Printed name and title*

**SEALED AFFIDAVIT**

I, Mark Finnamore, being duly sworn, do hereby depose and state:

1.      Your affiant is currently employed as a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF), and has been employed in that capacity for approximately nine years. My responsibilities include investigating violations of federal law, including violations of the Gun Control Act (Title 18 United States Code, Chapter 44).  Prior to my employment as a Special Agent with ATF, I attended the Federal Law Enforcement Training Center for the Criminal Investigator Training Program as well as Special Agent Basic Training with ATF, where I received extensive training in arson, explosives, firearms, and narcotics related investigations.  In my capacity as an ATF Special Agent, I have received specialized training and experience in the investigation of federal firearms and narcotics offenses. Additionally, as an ATF Special Agent I have personally participated in the execution of at least 50 search warrants involving the possession and sale of firearms. I have personally participated in the arrests of over 100 individuals for illegal possession and sales of firearms.  I have interviewed at least 75 individuals who were involved with possession of firearms by prohibited persons.  I have personally participated in over 200 controlled purchases of firearms from prohibited persons either as a case agent or undercover agent. I am a law enforcement officer of the United States, and I am empowered to conduct investigations, execute warrants, and make arrests for offenses against the United States enumerated in, but not limited to, Titles 18 and 21 of the United States Code.

2.      This Affidavit is based upon my personal knowledge, as well as on information provided to me by other law enforcement officers and agencies.  I believe that this affidavit sets forth facts that establish probable cause to believe that on May 18, 2026, in Palm Beach County,

Page 1 of 5

in the Southern District of Florida, **Christopher James SAINTVIL** ("**SAINTVIL**") violated Title 18, United States Code, Section 922(g)(1), which makes it unlawful for a prohibited person (convicted felon) to possess a firearm and Title 18, United States Code, Section 924(e). Since this affidavit is being submitted for the limited purpose of securing a criminal complaint, your affiant has not included every fact known about this investigation, but rather, only those facts necessary to establish probable cause.

## **PROBABLE CAUSE**

### Receipt of Information

3.      On May 16, 2026, an ATF confidential informant ("CI") was contacted by SAINTVIL while socializing at a local nightclub. SAINTVIL inquired with the CI as to their "movement" which is street slang for the type of criminal activity they are involved with. The CI stated that both themselves and their associates (ATF undercover agents) were involved with the trafficking of firearms to Mexico. SAINTVIL stated that he and his neighborhood associates were able to obtain numerous firearms. SAINTVIL specifically stated that he had a shotgun for sale that he recently purchased for $1000. At this point, SAINTVIL notified the CI that he had previously served time in federal prison. Prior to departing the nightclub, SAINTVIL provided the CI with a telephone number of (728-223-1689).

### Sale of Firearm

4.      On May 18, 2026, an ATF Special Agent ("SA") ("UC"), acting in an undercover capacity, accompanied by the CI, conducted a controlled purchase of the above-mentioned shotgun from SAINTVIL. The CI previously arranged the purchase of this firearm from SAINTVIL through cellular communication with SAINTVIL on cellular telephone number listed above. Prior

to the purchase, law enforcement personnel conducted an operation briefing for the purchase of the firearm for SAINTVIL. It should be noted at this time the UC was provided with ATF agent cashier funds ("ACF") to purchase the firearm and electronic recording equipment to capture the transaction. In addition, the CI was searched by law enforcement prior to the commencement of the operation for weapons, narcotics, and currency with negative results.

5.      At approximately 1128 hours the UC activated all recording equipment and departed the briefing location. The UC, accompanied by the CI, then traveled to 5026 N. Flagler Drive, West Palm Beach, Florida. This was an address SAINTVIL requested the UC and CI to meet SAINTVIL. The UC and CI arrived at the location at 1135 hours. At this time, SAINTVIL contacted the CI and advised the UC and CI to follow SAINTVIL to a different location. At this time, the UC observed SAINTVIL operating a blue Jeep Wrangler bearing Georgia tag DEK7415. SAINTVIL was accompanied by an unidentified female.

6.      A short time later, the UC and CI followed SAINTVIL to the corner of 55th Street and Spruce Avenue in the city of West Palm Beach. The UC and CI exited their vehicle and subsequently made contact with SAINTVIL at the trunk of his vehicle. At this moment, SAINTVIL removed a black rifle case from the trunk of his vehicle and handed it to the UC. The UC placed the case in the rear seat of the UC vehicle ("UCV"). The UC opened the case, confirming that the firearm was inside the case. At this moment, SAINTVIL uttered "that b*tch clean," insinuating the firearm was of high quality. At this point, the UC handed SAINTVIL $1200.00 of ACF. SAINTVIL counted the ACF and confirmed the amount was correct.

7.      Before the transaction concluded, SAINTVIL stated "I got so many sticks," which the UC understood to mean that SAINTVIL had access to additional firearms. SAINTVIL stated

to the UC that he would contact the UC/CI when he had additional firearms for sale. At this time, SAINTVIL entered his vehicle and departed the area. The UC and CI then entered the UCV and also departed the area, terminating recording equipment at 1141 hours.

8.      The firearm was further identified as a GForce Arms Model GF99-DLX 12 Gauge Shotgun. A query of the firearm in NCIC revealed that the firearm had not been reported stolen. The firearm was loaded with 5 rounds of 12 Gauge ammunition. The firearm was placed into ATF evidence.

9.      On May 18, 2026, ATF SA Vincent Rubbo examined the firearm and ammunition for the purposes of determining classification under Title 18 United States Code ("USC"), Chapter 44 and whether the firearm and ammunition traveled in or affected interstate and/or foreign commerce. SA Rubbo determined that the GForce Arms Shotgun was manufactured in the Country of Turkey and is a firearm as defined in Title 18, U.S.C, Chapter 44, § 921(a)(3): any weapon which is designed to or may readily be converted to expel any projectile by the action of an explosive; or the frame or receiver of any such weapon. SA Rubbo also determined that the five shotgun shells were manufactured by Winchester, outside the state of Florida, and is ammunition as defined in Title 18, U.S.C., Chapter 44 § 921(a)(17)(A): cartridge cases, primers, bullets, or propellent powder designed for use in any firearm.

10.     SAINTVIL has five previous felony convictions, four with the State of Florida and one federally. On August 9, 2010, SAINTVIL was convicted of Attempted Robbery, a felony in the state of Florida, under case number 502010CF002601A. On August 11, 2011, SAINTVIL was convicted of Grand Theft of a Motor Vehicle, a felony in the state of Florida, under case number 502011CF004371A. On June 28, 2013, SAINTVIL was convicted of Robbery with a Deadly

Weapon, a felony in the state of Florida, under case number 502012CF012986A.  On October 6, 2021, SAINTVIL was convicted in the Southern District of Florida of Possession with intent to Distribute Heroin, Fentanyl, and Cocaine. On February 13, 2025, SAINTVIL was convicted of Trafficking Fentanyl, a felony in the state of Florida, under case number 502021CF000529A.

## CONCLUSION

11.     Based on the foregoing facts, I respectfully submit that there is probable cause to believe that on May 18, 2026, in Palm Beach County, in the Southern District of Florida, **Christopher James SAINTVIL ("SAINTVIL")**, a previously convicted felon, possessed the above firearm and ammunition and violated Title 18, United States Code, Section 922(g)(1), which makes it unlawful for a prohibited person (convicted felon) to possess a firearm and Title 18, United States Code, Section 924(e).

FURTHER AFFIANT SAYETH NAUGHT.

Mark Finnamore
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and
Explosives (ATF)

Attested to by the applicant in accordance with
the requirements of Fed. R. Crim. P. 4.1 by
FaceTime, on this /6 day of June 2026, at
West Palm Beach, Florida

HON. RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

PENALTY SHEET

**Defendant's Name**: Christopher James Saintvil

**Case No**: _____

Count #: 1

Felon in Possession of a Firearm (Armed Career Criminal Act)

18 U.S.C. §§ 922(g)(1), 924(e)
* **Max. Term of Imprisonment: Life**
* **Mandatory Min. Term of Imprisonment (if applicable): 15 years**
* **Max. Supervised Release: 5 years**
* **Max. Fine: $250,000**
* **Special Assessment: $100 upon conviction**

**\*Refers only to possible term of incarceration, supervised release and fines.   It does not include restitution, special assessments, parole terms, or forfeitures that may be applicable.**